14420

BURKHALTER ET AL. v. ODOM

(189 S. E., 650)

392

394

*Messrs. A. C. DePass* and *J. K. Owens,* for appellants,

*Messrs. Fred D. Townsend* and *Stevenson & Lindsay,* for respondent,

January 25, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

In 1928, Mrs. Pauline Townsend, now Mrs. Odom, duly qualified as administratrix of the estate of her deceased husband, H. R. Townsend. In January, 1932, Mrs. Alma B. Burkhalter (for whom, after her death, John B. Burkhalter was substituted) and Mrs. Margaret B. Holladay, as judgment creditors of the estate, petitioned the Probate Court of Marlboro County for an order requiring the administratrix to account for her acts and doings as such, and to show cause why their judgment should not be paid. The order was issued as prayed for, and the administratrix made due return thereto and submitted herself for examination as required. Testimony was taken, and the probate Judge filed an order, dated August 11, 1934, in which he held against the principal contentions of the petitioners. This order was affirmed, except in certain particulars, by his Honor, Judge Johnson, and the matter is now before this Court for decision.

Counsel for appellants point out that three practical questions are presented by the appeal, and contend that Judge Johnson either erroneously decided them or did not consider them at all. The Judge, however, states in his decree that he gave full consideration to each of the exceptions before him, as well as to certain matters argued which

he did not consider raised by them. We have read with much care the entire record and are of opinion that the conclusions reached by the Court below are correct.

As to the first question argued here, whether the ██ judgment obtained for the breach of a rental contract is of the same status as a claim for rent, and thus entitled to preferential payment in the distribution of decedent's estate under Section 8995 of the Code of 1932, it is sufficient to say that the burden was on the claimants to show that their claim was for rent, and the record before us is silent as to such proof; and this Court will not go beyond the record, as we have often held, to determine the facts as to any matter in issue. As to causes of action arising in favor of the landlord where a tenant has abandoned the premises, see 16 R. C. L., 937.

As to the second point made, that the order of the ██ Judge of Probate in the *ex parte* proceedings for the sale of stock of the Gaddy-Townsend Company was not *res adjudicata* as to the appellants, who were not parties thereto, we find no proof in the record which sustains the exception raising this question. Alleged facts stated only in the exception itself, as we have indicated, will not be considered.

The same may be said of the appellants' third contention, that the trial Judge was in error in not holding that the administratrix had failed to account for "two mules shown in the appraisal of the estate of the value of $200.00, and farm implements, of the value of $50.00." The evidence is not clear on this point; and, the appraisal and inventory not being printed in the record, this Court cannot determine the property properly chargeable to the administratrix. Judge Johnson, however, states in his order that he carefully examined such inventory and appraisement, and is satisfied that the assets of the estate, with the exception of a small deficit pointed out, are correctly accounted for.

The Circuit Judge properly condemns, in certain particulars named, the manner in which this estate was administered. Its management, as gathered from the testimony of the administratrix herself, is open to just criticism.

The order appealed from, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.